**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Robert Pitts

    v.                                    Civil No. 15-cv-365-SM

Patricia Lee, P.A., Merrimack County
House of Corrections, et al.[1]

### REPORT AND RECOMMENDATION

Before the court is plaintiff Robert Pitts's complaint
(doc. no. 1), along with the addenda to the complaint (doc. nos.
5 and 10-1).  The complaint and addenda are here for preliminary
review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

### Preliminary Review Standard

In conducting a preliminary review of pro se prisoner
pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the court
construes the pleading liberally.  See Erickson v. Pardus, 551
U.S. 89, 94 (2007).  Disregarding any legal conclusions, the

---

[1]Pitts filed this complaint against defendants in their
individual and official capacities, including a "John Doe"
Merrimack County House of Corrections ("MCHOC") physician, since
identified as MCHOC Physician's Assistant Patricia Lee.  See
Doc. Nos. 5 and 10.  The remaining defendants named by Pitts are
the following current or former New Hampshire Department of
Corrections ("NHDOC") officers and employees:  (former) NHDOC
Director of Medical and Forensic Services Helen Hanks; New
Hampshire State Prison ("NHSP") Transport Officer Swain, whose
first name is unknown ("FNU"); Northern New Hampshire
Correctional Facility Nurse George Cormier, RN; NHDOC Director
of Medical and Forensic Services Paula Mattis; NHSP Special
Housing Unit Capt. FNU Edmark; NHSP Nurse Practitioner Sheena
McAroy; and (former) NHSP Warden Richard Gerry.

court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

In his pleadings (doc. nos. 1, 5, and 10-1), Pitts asserts federal civil rights claims under 42 U.S.C. § 1983, relating to care for a lip injury, while at the Merrimack County House of Corrections ("MCHOC") in September 2012, and for pain and swelling in his lip, while he was at the Northern New Hampshire Correctional Facility ("NCF") in December 2013, and then at the New Hampshire State Prison ("NHSP") from June 2014 to July 2015. In particular, Pitts asserts that:

> 1.   Defendants violated Pitts's Fourteenth Amendment right to adequate medical care while in pretrial detention, in that, in September 2013, MCHOC Physician's Assistant Patricia Lee ignored Pitts's September 3, 2012, post-surgical discharge instructions that advised Pitts to keep his head elevated and to apply Vaseline to his lip.
>
> 2.   Defendants violated Pitts's Eighth Amendment right to adequate medical care while incarcerated, in that, in December 2013, NCF Nurse George Cormier, RN, ignored Pitts's complaints about lip pain and swelling.
>
> 3.   Defendants violated Pitts's Eighth Amendment right to adequate medical care while incarcerated at the NHSP, in that:

a.    NHSP officers interfered with Pitts's ability to apply a prescribed cream to his lip in June 2014 while Pitts was in the Special Housing Unit ("SHU") because the cream came in an aluminum tube which prison rules did not allow SHU inmates to possess;

b.    defendants delayed Pitts's ability to be seen by a dermatologist for his lip from October 2014 to July 2015; and

c.    NHSP medical providers did not adequately treat Pitts's lip when the two-week course of treatment prescribed by a dermatologist in June 2015 did not work.

## Discussion

### I.    Inadequate Medical Care Standard

A pretrial detainee's rights to adequate medical care and to humane conditions of confinement arise out of the Fourteenth Amendment's Due Process Clause, while a convicted inmate's analogous rights emanate from the Eighth Amendment.  See Suprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005).  The First Circuit has held that to assert a claim of inadequate medical care based on either the Fourteenth Amendment or the Eighth Amendment, a plaintiff must establish that the deprivation was, objectively, "sufficiently serious," and must also show that, "[s]ubjectively, . . . prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety."  Perry v. Roy, 782 F.3d 73, 78

3

(1st Cir. 2015) (internal quotation marks and citations omitted); Ruiz–Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007).[2]

"'To demonstrate deliberate indifference a plaintiff must show (1) a grave risk of harm, (2) the defendant's actual or constructive knowledge of that risk, and (3) his failure to take easily available measures to address the risk.'" Penn v. Escorsio, 764 F.3d 102, 110 (1st Cir. 2014) (citation omitted), cert. dismissed, 135 S. Ct. 1732 (2015).  Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), cert. denied, 135 S. Ct. 2059 (2015).

---

[2]Pitts was a pretrial detainee for part of the time he was an inmate at the MCHOC in September/October 2012.  The First Circuit cases cited herein for the proposition that the Eighth and Fourteenth Amendment standards are the same all predate the Supreme Court's decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015).  "After Kingsley, it is unclear whether courts should continue to use the Eighth Amendment's deliberate-indifference standard to analyze inadequate-medical-care claims brought by pretrial detainees pursuant to the Due Process Clause," or whether an objective reasonableness standard should apply.  Johnson v. Clafton, No. 13-14922, 2015 WL 5729080, at *4, 2015 U.S. Dist. LEXIS 132318, at *11-*12 (E.D. Mich. Sept. 30, 2015).  This court declines to resolve that issue at this time, absent a defendant's participation in this action and full briefing.

## II.  MCHOC

Pitts has alleged that physicians who surgically repaired his lip laceration on September 3, 2012, discharged him with instructions to keep his head elevated and to put Vaseline on his lip.  Pitts asserts that while at MCHOC, Pitts did not receive care for his lip.  Pitts asserts that he complained to defendant MCHOC physician's assistant Patricia Lee, who examined him.  Pitts further asserts that after that examination, Lee told Pitts that she had contacted a dermatologist who told her that Pitts's lip did not require further treatment.  The facts alleged in the pleadings (doc. nos. 1, 5, and 10-1), taken as true and stripped of legal conclusions, do not show that Lee was deliberately indifferent to any substantial risk of serious harm to Pitts.  The facts alleged regarding the failure of Lee or other defendants to ensure that discharge instructions about Pitts's elevating his head and applying Vaseline to his lip were followed at MCHOC do not state a claim of any violation of Pitts's Fourteenth Amendment due process rights.  Accordingly, Claim 1 should be dismissed.

## III. NCF

Pitts has alleged that he complained about having severe lip pain and swelling to NCF Nurse George Cormier in December 2013.  In December 2013, Cormier examined Pitts's lip and

concluded he had dry skin on his lip. Cormier did not provided Pitts with further treatment for his lip, and Cormier did not schedule Pitts for an appointment with a physician.

The facts alleged regarding Pitts's lip condition in December 2013 do not state a claim that Cormier was subjectively aware of any substantial risk of serious harm to Pitts in not providing him with medication or a follow up appointment for a condition that Cormier believed was simply dry skin on Pitts's lip. The allegations in the pleadings do not show deliberate indifference to a substantial risk of harm. See Wilson v. Seiter, 501 U.S. 294, 305 (1991). Accordingly, Pitts has failed to allege facts sufficient to state a claim with respect to Cormier's actions in December 2013, and Claim 2 should be dismissed.

**IV.   <u>NHSP</u>**

Pitts alleges that NHSP SHU officers were deliberately indifferent to a serious medical need by preventing Pitts from using the doctor-prescribed "green med" cream for his lip in June 2014 while he was in SHU. Pitts alleges that he was told he could not use the cream because it came in an aluminum tube, which he was not allowed to have as a SHU inmate.

Pitts has further alleged that defendants delayed scheduling a dermatologist appointment for Pitts, concerning his

lip condition from October 2014 to July 2015, and that he was told that if he had been at a lower security level, he would have been seen sooner.  Finally, Pitts has alleged that paperwork specifying the treatment plan prescribed by the dermatologist for Pitts's lip condition on June 22, 2015 -- namely, Vaseline and a hydrocortisone cream applied daily for two weeks -- after it was implemented in July 2015, did not work.  Pitts further alleges that NHSP Nurse Practitioner McAroy refused to proceed with what Pitts has alleged was step 2 of the dermatologist's treatment plan, in that McAroy refused to talk with the plastic surgeon who stitched up Pitts's lip in 2012.

Stripped of legal conclusions, Pitts's pleadings do not state sufficient facts to show that any NHSP defendants were deliberately indifferent to a substantial risk of serious harm, including McAroy and defendants who explained that Pitts's security status delayed or interfered with his receipt of medical care.  In particular, the facts underlying Claims 3(a)-(c) do not state a claim nor give rise to a reasonable inference that any defendant was subjectively aware of a substantial risk of serious harm to Pitts relating to those issues.  Accordingly, Claims 3(a)-(c) should be dismissed.

## Conclusion

For the foregoing reasons, all claims asserted in the complaint (doc. no. 1) and the complaint addenda (doc. nos. 5 and 10-1) should be dismissed for failure to state a claim upon which relief can be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


November 24, 2015

cc:   Robert Pitts, pro se